IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| DAVID LEE PARKER ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Criminal No.  1:12-cr-59 (GBL) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Petitioner David Parker's Motion to Vacate Sentence pursuant to Title 28 U.S.C. § 2255. (Doc. 21.) This case concerns Petitioner's request that his sentence be set aside due to receiving ineffective assistance of counsel and the Court's alleged miscalculation of his sentence. There are four issues before the Court.

The first issue is whether Petitioner's counsel rendered ineffective assistance by failing to file an appeal after Petitioner was sentenced above the statutory maximum for Counts II and IV. The Court holds that Petitioner's counsel did not render ineffective assistance because (1) Petitioner's original sentence was corrected by a subsequent amended sentence within the statutory guidelines; and (2) once Petitioner's sentence was corrected, Petitioner's counsel no longer had a legal duty to file an appeal because, pursuant to his Plea Agreement, Petitioner had waived his right to appeal any sentence within the statutory maximum.

The second issue is whether Petitioner's current amended sentence illegally exceeds the statutory maximum as outlined in the Sentencing Guidelines. The Court holds that Petitioner's current sentence is legal because all errors were quickly corrected and currently the sentence

does not exceed the statutory maximum on any count. Further, any previous sentencing error the Court may have made was harmless.

The third issue is whether the Court erred in amending Petitioner's sentence twenty-seven (27) days after judgment, given that Rule 35(a) of the Federal Rules of Criminal Procedure prohibits sentence changes after fourteen days (14) of the original judgment. The Court holds that, in light of Rule 35(a), this Court's error of changing Petitioner's sentence twenty-seven (27) days after the original judgment was harmless because Petitioner's sentence totaled 111 months both before and after the change in sentence.

The fourth issue is whether the United States engaged in prosecutorial misconduct by recommending a two-level vulnerable victim enhancement that Plaintiff argues directly violated his Plea Agreement. The Court holds the United States did not engage in prosecutorial misconduct by arguing for a sentence enhancement because the terms of Petitioner's Plea Agreement expressly permitted this enhancement to be argued at sentencing. Therefore, the United States did violate the Plea Agreement and the enhancement was properly argued by the parties, considered by the Court, and ultimately applied to Petitioner's sentence.

## I. BACKGROUND

This case concerns Petitioner David Parker's ("Petitioner") § 2255 Motion to Vacate Sentence. On February 21, 2012, Petitioner was charged in a Criminal Information with six (6) counts of various fraudulent conduct. (*See* Doc. 4.) On the same day, Petitioner agreed to waive a formal indictment and entered into a Plea Agreement with the United States as to all six counts. (Pet'r's Br. 1.)

Pursuant to his Plea Agreement, Petitioner agreed to be sentenced according to the established statutory range and thus knowingly waived his right to appeal, on any ground

2

whatsoever, including the grounds set forth in 18 U.S.C. § 3742, including his conviction, any sentence within the statutory maximum, or the manner in which his sentence was determined. (Plea Agrmnt. 6.) Additionally, the Plea Agreement specifically addressed Count VI of Petitioner's charges, and provided that the United States and Petitioner agreed that the issue of whether Petitioner knew or should have known that the victims of his offense were vulnerable, which typically results in a two level increase under § 3A1.1, should be left open for argument at sentencing. (*Id.* at 5.)

On April 17, 2012, the United States Probation Office issued its Presentence Report addressing Petitioner's sentence. (Pet'r's Br. 1.) The Report included the vulnerable victim enhancement to Petitioner's sentence, recommending that a two-point enhancement be added to the sentence because more than ten victims resulted from Petitioner's crimes. (*Id.*) On May 16, 2012, in its sentencing position papers, the United States agreed with the Probation Office, arguing that the Court should enhance Petitioner's sentence by two levels because Petitioner's crimes involved more than ten victims. (Pet'r's Br. 2.) Petitioner alleges that the Plea Agreement specifically prohibited the United States' request for the vulnerable victim enhancement, thereby making the position the United States argued a direct violation of the Plea Agreement. (*Id.*) Additionally, Petitioner avers that his counsel, Denise Tassi, filed her position without objecting to the United States' enhancement request, thereby ineffectively rendering assistance of counsel. (*Id.*)

Finally, on May 23, 2012, this Court sentenced Petitioner to 111 months for all six counts, including the two-level vulnerable victim enhancement. (Pet'r's Br. 5.) This sentence incorporated fifty (50) months imprisonment for Counts I, III, V, and VI, which was to run consecutively to an additional sixty-one (61) months imprisonment for Counts II and IV. (*Id.*)

3

Petitioner avers that his sentence was amended later that day; again on May 29, 2012; May 30, 2012; and again on June 11, 2012. (Pet'r's Br. 2.) The modified sentence entered on June 11, 2012 still totaled 111 months but dispensed the custody term differently for each count. (Pet'r's Br. 6.) In the final amended sentence on June 19, 2012, the Court assigned Petitioner sixty-three (63) months imprisonment for Counts I, III, and V to run concurrent with a sixty (60)-month sentence for Count VI; and twenty-four (24) months each for Counts II and IV to run consecutively with each other and consecutive with the remaining counts. (*See* Am. J. Doc. 19.) Petitioner maintains that all sentences were illegally imposed because they exceeded the statutory maximum on Counts II and IV and were calculated well after the time allowed by Rule 35(a).[1] (Pet'r's Br. 2.) Petitioner repeatedly expressed his belief to counsel that the sentences were illegal and requested she file an appeal to address the sentencing discrepancies. (Pet'r's Br. 3.) Petitioner avers that his counsel assured him she would file an appeal, but never did. (*Id.*) Petitioner's Motion to Vacate is now before the Court.

## II. STANDARD OF REVIEW

Section 2255 is designed to correct fundamental constitutional or jurisdictional errors, which would otherwise "inherently result [ ] in a complete miscarriage of justice." *United States v. Addonizio*, 422 U.S. 178, 185 (1979). In order to move the Court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28

---

[1] Correcting Clear Error. "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Cr. P. 35(a).

U.S.C. § 2255(a).

Because a habeas petition is a civil action, the burden of proof is on the petitioner to establish the allegations of his motion by a preponderance of the evidence. *Jacobs v. United States*, 350 F.2d 571, 574 (4th Cir. 1965); *Hall v. United States*, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998). The court is not required to hold an evidentiary hearing on a § 2255 petition if the record of the case conclusively shows that petitioner is not entitled to relief. *United States v. Yearwood*, 863 F.2d 6, 7 (4th Cir. 1988); *United States v. Rowland*, 848 F. Supp. 639 (E.D. Va. 1994). Nevertheless, when a petitioner has filed his motion *pro se*, the petitioner is entitled to have his petition and asserted issues construed liberally. *See Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

A motion pursuant to 28 U.S.C. § 2255 "may not do service for an appeal," *United States v. Frady*, 456 U.S. 152, 165 (1982); therefore, claims that should have been raised at trial, *Wainwright v. Sykes*, 422 U.S. 97 (1977), and claims that could have been raised on direct appeal but were not, *Frady*, 456 U.S. at 167-68, are procedurally defaulted unless one of three exceptions applies. The first exception is when a petitioner demonstrates "cause" for his procedural default and "actual prejudice" therefrom. *Id.* The second exception occurs when a petitioner can demonstrate his actual innocence in either a capital case, or a case in which a recidivist-sentencing enhancement was applied to the petitioner. *United States v. Mikalajunas*, 186 F.3d 490, 494-95 (4th Cir. 1999). The third exception occurs when a petitioner brings a claim of constitutionally ineffective assistance of counsel under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687-91 (1984). *See e.g.*, *United States v. DeFusco*, 949 F.2d 114, 120-21 (4th Cir. 1991). When a petitioner brings an ineffective assistance of counsel

claim, the *petitioner* bears the heavy burden of proving that both *Strickland* prongs are met because courts strongly presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Strickland*, 466 U.S. at 690. Further, "[u]nless the motion and the files and records of the case *conclusively* show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues, and make findings of fact and conclusions of law with respect thereto." *United States v. Witherspoon*, 231 F.3d 923, 925 (4th Cir. 2000) (concluding that the motion, files, and records failed to conclusively show the petitioner was entitled to no relief and therefore, the district court erred in dismissing the § 2255 motion).

### III. ANALYSIS

The Court denies Petitioner's Motion to Vacate Sentence because (1) he does not meet the elements required to show ineffective assistance, (2) his current sentence was legally calculated and any errors were harmless, and (3) the United States did not engage in prosecutorial misconduct.

#### 1. *Ineffective Assistance of Counsel*

The Court rejects Petitioner's claim that he received ineffective assistance of counsel due to his counsel's failure to appeal his sentence. To prove an attorney's performance was so deficient that it violated his Sixth Amendment right to counsel, a petitioner must show that the attorney's conduct satisfies both prongs set forth in *Strickland v. Washington*, 466 U.S. 668, 688-90 (1984). In *Strickland*, the Supreme Court established a low standard for what constitutes "effective counsel," holding that, to successfully demonstrate ineffective counsel, petitioners

must show (1) that the attorney's conduct was objectively unreasonable under prevailing professional norms, and (2) that the petitioner was prejudiced by that deficient performance. *Id.* at 687. Unless a petitioner can successfully show that both elements are satisfied, the claim of ineffective counsel fails. *Id.*

Here, Petitioner cannot meet either element of the *Strickland* prongs and therefore cannot successfully establish ineffective counsel. Specifically, Petitioner does not meet the first element because he cannot show that his counsel's conduct was objectively unreasonable. Although Petitioner points to the Fourth Circuit's position that an attorney who fails to file an appeal after being instructed by his client to do so is per se ineffective, Petitioner's reliance on this rule is misplaced insofar as he fails to recognize its limitations. *United States v. Witherspoon*, 231 F.3d 923, 926 (4th Cir. 2000) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 471-76 (2000)). The Fourth Circuit's ruling in *Witherspoon* is not a bright line rule that applies to all situations. In fact, the Supreme Court has consistently held that, "even while guided by the two [*Strickland*] prongs for determining ineffective counsel, a court deciding an actual ineffectiveness claim 'must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed [at] . . . the *time of counsel's conduct*.'" *Strickland*, 466 U.S. at 669 (emphasis added); *see also Roe*, 528 U.S. at 470-71. Additionally, "[t]he proper standard for judging attorney performance is that of reasonably effective assistance, *considering all the circumstances.*" *Id.* (emphasis added). Therefore, the mere fact that counsel failed to file an appeal after petitioner requested one, does not absolutely indicate that counsel was ineffective. Instead, an attorney's effectiveness should be decided by evaluating the attorney's actions in relation to the particular time and circumstances of the case.

7

In this case, the Court first issued a sentence that exceeded the statutory maximum on Counts II and III. (Pet'r's Br. 5.) After speaking to Petitioner about his sentence, Petitioner's counsel agreed to appeal the sentence in order to receive a sentence within the maximum guidelines. (Pet'r's Br. 6.) However, the Court modified the sentence that same day, and three separate times after that. (*See* Pet'r's Br. 2.) Those modifications eventually brought the sentence within the statutory maximum allowed. (*See* Am. J. Dok. 19.) In light of those changes, counsel had no reason to file an appeal. Neither Petitioner nor counsel would have benefitted from appealing the sentence because, although Counts II and IV were initially assigned a total of sixty-one (61) months, thereby exceeding the statutory maximum, the error was corrected prior the time for appeal. Further, given the fact that the sentence was changed almost immediately, it would not have been reasonable for counsel to file an appeal after learning of the corrected sentence.

More importantly, however, counsel could not have filed an appeal after the sentence was modified because Petitioner had explicitly waived his right to an appeal when he signed the Plea Agreement. (*See* Plea Agrmnt. 6.) In his brief, Petitioner goes on to state that his Plea Agreement does not preclude him from appealing his sentence if the sentence is illegal. However, the terms of the Plea Agreement are more specific than that to which Parker alludes. In fact, the agreement plainly states that "[Although] Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed . . . Defendant knowingly waives the right to appeal the conviction and any sentence *within the statutory maximum* . . . (or the manner in which that sentence was determined) on the grounds set forth in Title 18 . . . or any grounds whatsoever . . . ." (Plea Agrmt. 6.) This phrasing only gives Petitioner the right to appeal a sentence outside the statutory maximum. (*See id.*) Although this was initially the case, once the

8

sentence was modified and within the statutory maximum, he no longer had a legal right to an appeal. Additionally, given the almost immediate changes to his sentence, Petitioner's request for an appeal, which stemmed from the *original* sentence, was no longer necessary. Counsel's decision to not file an appeal was reasonable given these circumstances. Looking at the totality of the circumstances and facts particular to this case, it is evident that counsel's actions were objectively reasonable under professional norms and therefore, she did not breach the first prong outlined in *Strickland*.

The second *Strickland* prong places the burden on Petitioner to show that his counsel's alleged ineffective assistance prejudiced him, such that "but for" his attorney's error, his sentence would have been different. *Roe*, 528 U.S. at 482. To meet this burden, Petitioner must show that there is a reasonable possibility of prejudice "sufficient to undermine confidence in the outcome." *Id.* at 669. Here, Petitioner cannot show that he was prejudiced by his attorney's failure to appeal his sentence, because even when the sentence was corrected, as it currently is, Petitioner was sentenced to the same amount of time as he was initially. (*Compare* J., Doc. 17, *with* Am. J., Doc. 19.) Had Petitioner's counsel appealed the original sentence of 111 months and been successful, the corrected sentence would have still been 111 months. In fact, although the sentence was modified many times, Petitioner's sentence always totaled 111 months. (*See* Pet'r's Br. 5-6.) Therefore, Petitioner fails to show that he was prejudiced by his counsel's failure to appeal because he was sentenced to the same amount of time.

The facts of this case make clear that counsel's decision to not file an appeal to Parker's sentence cannot be found unreasonable under *Strickland* standards. They also make clear that, even if counsel's conduct *was* unreasonable, Petitioner was not prejudiced by his counsel's

9

failure to file an appeal. Given that Petitioner's ineffective counsel claim fails on both *Strickland* prongs, he has not met his burden, and his sentence cannot be vacated for this reason.

### 2. *Illegality of Sentence*

The Court also rejects Petitioner's second assertion that his sentence should be vacated because it violates the laws of the United States. A district court's procedural error during sentencing only warrants reversal if the error had a substantial and injurious effect or influence on the result. *United States v. Boulware*, 604 F.3d 832 (4th Cir. 2010). Further, the Fourth Circuit has held that "procedural errors at sentencing . . . are routinely subject to harmlessness review." *United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010) (citing *Puckett v. United States*, 129 S. Ct. 1429, 1432 (2009)). Under the harmlessness view, when an error does not have a substantial effect on one's rights, the error is harmless and should be disregarded. Fed. R. Crim. P. 52(a).

Here, Petitioner's argument hinges on the fact that the Court recalculated and modified his sentence nineteen (19) days after the original sentence and issued the final sentence twenty-seven (27) days after the initial sentence. (*See* Pet'r's Br. 6.) Petitioner supports his argument with Rule 35(a) of the Federal Rules of Criminal Procedure, which states that "within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). Petitioner argues that, in light of Rule 35, his final sentence was illegal because it was amended well after fourteen (14) days of the original sentence. Thus, Petitioner requests the Court to vacate his sentence, refer the proceedings to a different district judge, and impose a sentence of seventy-four (74) months as opposed to his current 111-month sentence.

However, Petitioner's argument fails for several reasons. First, although the Court erred by issuing Petitioner's final sentence over fourteen (14) days after the original judgment, this error alone is not sufficient to vacate the sentence because the Court's modification of Petitioner's sentence was harmless. The error here is harmless because it had no "substantial and injurious effect or influence" on Petitioner's total sentence. *See Boulware*, 604 F.3d at 838. Had the Court's modification of the sentence caused Petitioner to be sentenced to a greater sentence than the one he was initially given, Petitioner could then argue that the modification had a substantial and injurious effect on his sentence and was therefore, not harmless. *See id.* However, given that Petitioner's sentence was initially 111 months and, with the Court's amendment, remained at 111 months, Petitioner cannot argue that he was substantially or injuriously affected by the modification. Even if the Court had corrected Petitioner's sentence within fourteen (14) days, as required by Rule 35(a), the result would be the same—a corrected sentence of 111 months. *Cf. Stokes*, 261 F.3d at 500 (stating that the Court did not need to consider whether petitioners' rights were substantially affected by their contested sentence because petitioners would have "received the same sentences"). Akin to the petitioners in *Stokes*, Petitioner did not lose any right or privilege in the sentencing process because the Court would not have imposed a different sentence had it corrected the sentence within the fourteen (14) day period provided in Rule 35(a). Therefore, because the Court's error was harmless, as it provided no injurious effect to Petitioner, the Court denies Petitioner's Motion to Vacate on this ground.

Second, Petitioner's current 111-month sentence is properly calculated and is, therefore, not illegal. Petitioner believes that the 24-month maximum on Counts II and IV applies to both counts *collectively*, not individually. (Pet'r's Br. 5 (stating that the penalty for Counts II and IV

11

carried a maximum statutory sentence of 24 months).) However, Petitioner is incorrect. Counts II and IV, originally at issue, are assigned the statutory maximum of 24 months on *each* count to run consecutive to each other, totaling 48 months. In addition to this, the Court assigned sixty-three (63) months for Counts I, III, and V to run concurrent with the sixty (60)-month sentence for Count VI, totaling a 63-month sentence for Counts I, III, V, and VI. This sixty-three (63)-month sentence, running concurrent to the forty-eight (48)-month sentence for Counts II and IV, total 111 months. Therefore, Petitioner's current 111-month sentence, and the breakdown of each count, is completely within the statutory maximum. Therefore, Parker's efforts to show that the sentence is illegal or incorrect fails because Counts II and IV combined total of forty-eight (48) months (twenty-four (24) months served consecutively).

### 3. *Prosecutorial Misconduct*

The Court also rejects Petitioner's final argument that the United States engaged in prosecutorial misconduct by agreeing with the Probation Office's recommendation to enhance Petitioner's sentence on Count VI, after specifically agreeing not to in his Plea Agreement. (Pet'r's Br. 7.) The Court rejects this argument because Petitioner fails to establish that the United States breached the terms of the Plea Agreement.

To support a claim of prosecutorial misconduct, a Petitioner must show that "the prosecutor's remarks or conduct were improper and . . . that such remarks or conduct prejudicially affected [her] substantial rights." *United States v. Tann*, 220 F. App'x. 204, 206 (4th Cir. 2007).

Petitioner first argues that the United States agreed not to pursue the vulnerable victim enhancement to Count VI of Petitioner's sentence. To illustrate this point, Petitioner points to Exhibit B, the United States' letter to defense counsel. In this letter, the United States admits

12

that the vulnerable victim enhancement "is at least arguable" and "should be left open for sentencing." (Pet'r's Ex. B. 1.) The United States further states that it removed the enhancement from the Plea Agreement and replaced it with language indicating the issue should be argued at sentencing. (*Id.*) In addition to this, Petitioner addresses the actual language of the Plea Agreement itself. In the Plea Agreement, the United States states that "[t]he United States and the defendant further agree that whether the defendant knew or should have known that the victims of his offense were vulnerable, resulting in a 2-level increase under § 3A1.1, should be left open for argument at sentencing." (Plea Agrmnt. 5.) These statements, Petitioner argues, in addition to the United States' letter to defense counsel, clearly show that the United States promised not to pursue the sentence enhancement.

To an extent, Petitioner's argument is correct. The United States *did* agree not to include the vulnerable victim enhancement in the Plea Agreement. However, where Petitioner's argument fails is his belief that this agreement precludes (1) the *Probation Office* from suggesting the vulnerable victim enhancement in the Pre-Sentencing Report and (2) the United States from agreeing with the Probation Office's recommendation in its position on sentencing.

First, looking at the plain terms of the Plea Agreement itself and the United States' letter to Petitioner's attorney; the United States speaks only on behalf of *itself* when it agrees not to seek the vulnerable victim enhancement. (*See* Plea Agrmnt. 5; Pet'r's Ex. B. 1.) The United States makes no mention of what the Probation Office may or may not recommend for sentencing, nor does the government indicate that the Plea Agreement is binding on the Probation Office. Therefore, the Probation Office's suggestion to include the vulnerable victim enhancement was not a violation of Petitioner's Plea Agreement. Because the United States did not breach its promise by seeking the enhancement prior to arguments at sentencing, the United

13

States was within its legal capacity to argue for the enhancement in its position. Petitioner therefore, cannot successfully claim that the United States engaged in prosecutorial misconduct because Petitioner's rights were not substantially affected or prejudiced by the United States' conduct. *See Tann*, 220 F. App'x. at 206.

Secondly, the United States' agreement to not pursue the vulnerable victim enhancement only extended to the bounds of the Plea Agreement. Specifically, the United States agreed to not pursue the enhancement in the Plea Agreement but to *leave the issue open for argument at sentencing*. (*See* Plea Agrmnt. 5.) This language clearly indicates that, in lieu of the United States including the vulnerable victim enhancement in the Plea Agreement as a sure enhancement, the United States would instead, allow the issue to be argued by the parties at sentencing, for the Court to later decide which argument prevailed. Given this, the United States' position at sentencing, which recommended the vulnerable victim enhancement, did not breach the Plea Agreement because the Court considered both parties' argument on the issue of the enhancement. In fact, the same day the United States submitted its position papers, defense counsel also submitted her written position, where she also argued the issue of the vulnerable victim enhancement. Both arguments were submitted after the Probation Office's Pre-Sentence Report recommended including the enhancement, and both the government and defense counsel had an opportunity to present argument on this issue, as contemplated by the Plea Agreement. The United States' position only exercised its right to argue the issue pursuant to the plain terms of the Plea Agreement. Therefore, the United States did not breach the Plea Agreement by agreeing with the Probation Office that Petitioner's sentence should be enhanced to account for vulnerable victims because the right to argue this issue was expressly stated within the Plea Agreement.

14

Finally, Petitioner's argument also fails because nowhere in the Plea Agreement or its letter to defense counsel does the government state definitively that Parker's sentence will not be enhanced. The United States only agrees that it will not seek the enhancement, but will instead leave the issue open for argument. Moreover, the United States makes clear in the Plea Agreement that Petitioner *could* be given a sentence different than what the United States suggested in the Plea Agreement. Specifically, ¶ 4 of the Plea Agreement clearly states: "[t]he defendant understands that the Court has not yet determined a sentence and that any estimate of the advisory sentencing range . . . the defendant may have received from defendant's counsel, the United States, or the Probation Officer, is a prediction, not a promise, and is not binding on the United States, the Probation Officer, or the Court." (Plea Agrmnt. 3-4.)

The Fourth Circuit holds that plea agreements should be enforced according to their plain language "in its ordinary sense." *United States v. Holbrook*, 368 F.3d 415, 420 (4th Cir. 2004). In this case, the plain meaning and ordinary language indicates that the United States would refrain from adding the vulnerable victim enhancement in the Plea Agreement but would instead argue it during sentencing. Given that the United States did exactly what it initially agreed to do and neither acted contrary to the Plea Agreement's nor illegally requested an enhanced sentence, the United States did not engage in prosecutorial misconduct. None of the United States' conduct substantially infringed on Petitioner's rights. Therefore, Petitioner's assertions have no merit. *See Tann*, 220 F. App'x. at 206. Further, as Petitioner only raises the issue of ineffective assistance based on the fact that defense did not object to the United States "breach" of the Plea Agreement, and the Court has determined that no breach occurred, this claim, too, lacks merit. For these reasons, Petitioner's third ground for relief is rejected.

15

## IV. CONCLUSION

For the foregoing reasons, the Court holds that Petitioner's counsel did not ineffectively render assistance to Petitioner, Petitioner's sentence is legally calculated, and the United States did not engage in prosecutorial misconduct because it did not breach the terms of Petitioner's Plea Agreement. Therefore, the Court rejects Petitioner's three grounds for relief and dismisses his Petition. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's § 2255 Motion to Vacate Under 28 U.S.C. § 2255 (Doc. 21) is **DENIED**.

**IT IS SO ORDERED.**

ENTERED this __14th__ day of August, 2013.

Alexandria, Virginia
8/ /2013

                                                                                  /s/
                                        Gerald Bruce Lee
                                        United States District Judge